IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
ST. JOSEPH DIVISION

| | |
|---|---|
| JOHN CARL MICHEL, JR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:23-cv-06119-RK |
| | ) |
| HONEYWELL INTERNATIONAL; | ) |
| CIGNA; AGENT LIFE INSURANCE | ) |
| COMPANY OF NORTH AMERICA, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are two motions filed by Plaintiff John Carl Michel, Jr. ("Michel")—a motion to appoint counsel (Doc. 20), and a motion for summary judgment (Doc. 30). Also before the Court is a motion for more definite statement filed by Defendant Honeywell International ("Honeywell") (Doc, 22), and a motion to dismiss filed by Defendant Life Insurance Company of North America ("LINA") (Doc. 24). The motion for more definite statement, motion to dismiss, and motion for summary judgment are fully briefed. (Docs. 23, 25, 27-30, 44, 45, 48.) After careful consideration and for the reasons explained below, the Court **ORDERS** that:

(1) Plaintiff's motion to appoint counsel is **DENIED without prejudice**;

(2) Defendant Honeywell's motion for more definite statement is **GRANTED**;

(3) Defendant LINA's motion to dismiss is **DENIED AS MOOT**; and

(4) Plaintiff's motion for summary judgment is **DENIED AS MOOT**.

## Background

On July 26, 2023, Plaintiff John Carl Michel, Jr., filed a petition against Defendants Honeywell and "Cigna A Mutual Insurance Company" in the Circuit Court of the Fifth Judicial Circuit, Buchanan County, Missouri. (Docs. 1 at 1, 1-2 at 8.) Defendant Honeywell removed the case to federal court on September 15, 2023, based on federal question jurisdiction and supplemental jurisdiction. (Doc. 1 at 1.) Plaintiff filed his amended petition on October 31, 2023, which, liberally construed and as best as can be discerned, appears to assert various claims under federal and state law, including libel/defamation, false or misleading misrepresentations under 15 U.S.C. § 1692e, wrongful termination and breach of contract, violation of "§ 650.2 Federal law,"

a claim under Title VII of the Civil Rights Act of 1964, a claim under the Employee Retirement Income Security Act of 1974, and negligence, among others.

## I. Plaintiff's Motion to Appoint Counsel (Doc. 20)

"In civil cases, there is no constitutional or statutory right to appointed counsel." *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). The decision to appoint counsel is discretionary; generally, the Court considers: (1) the merits of the claim, (2) the plaintiff's efforts to obtain counsel, and (3) the plaintiff's financial ability to retain an attorney. *Hale v. N. Little Rock Hous. Auth.*, 720 F.2d 996, 998 (8th Cir. 1983) (citations omitted). Other relevant factors may include the complexity of facts and legal issues, the litigant's ability to investigate and present his or her case, and the existence of conflicting testimony. *See id.*; *In re Lane*, 301 F.2d 1040, 1043-44 (8th Cir. 1986) (discussing factors to be considered in appointing counsel in the context of a § 1983 action).

At this stage of the proceeding, it is difficult to determine whether Plaintiff's claims have merit or whether there is conflicting testimony; the case is in a relatively early stage and no discovery appears to have taken place. Although Plaintiff contacted one lawyer and Missouri Legal Aid, he has not sought leave to proceed *in forma pauperis*. The Court has no record upon which to discern whether the facts or the legal issues involved are so complex that Plaintiff will be unable to investigate or present his case to establish circumstances warranting appointment of counsel at a later time.

Accordingly, appointment of counsel is not appropriate under the present circumstances. However, the Court recognizes that it is early in the proceeding, and the relevant circumstances may change as the case progresses. Therefore, Plaintiff's motion to appoint counsel (Doc. 20) is **DENIED without prejudice**.

## II. Defendant Honeywell's Motion for More Definite Statement (Doc. 22)

Defendant Honeywell argues that Plaintiff's amended petition fails to clarify his intended claims and fails to identify the specific party as to whom each claim is directed. Honeywell views Plaintiff's amended petition as "seemingly assert[ing] various claims related to breach of contract, disability benefits, defamation, the Family and Medical Leave Act of 1993 ("FMLA"), [ERISA], as well as a variety other outwardly inapplicable statutes and regulations," and that it is unable to reasonably prepare a response to Plaintiff's vague and conclusory pleadings. Accordingly,

Defendant Honeywell seeks an order that Plaintiff "assert his claims/causes of action separately and make specific allegations and claims against each Defendant specifically."

Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice' of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Federal Rule of Civil Procedure 12(e) provides, "[a] party may move for a more definite statement of a pleading to which a responsive statement is allowed but which is so vague or ambiguous that a party cannot reasonably prepare a response." "Motions for more definite statement are designed to strike at unintelligibility rather than lack of detail in the complaint." *Tinder v. Lewis Cnty. Nursing Home Dist.*, 207 F. Supp. 2d 951, 960 (E.D. Mo. 2001) (citation omitted). "A motion for more definite statement should only be granted where the complaint is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith, without prejudice to itself.'" *Rodgers v. Knight*, No. 2:13-CV-04033-NKL, 2013 WL 12183669, at *1 (W.D. Mo. Mar. 27, 2013) (citation and internal quotation marks omitted)). "A motion for more definite statement is 'not to be used to test the opponent's case by requiring him to allege certain facts or retreat from his allegations' nor is it to be used 'as a substitute for discovery in trial preparation.'" *Allstate Indem. Co. v. Dixon*, 304 F.R.D. 580, 582 (W.D. Mo. 2015) (quoting *Tinder*, 207 F.Supp.2d at 960). "Motions for a more definite statement are rarely granted in light of the liberal notice pleading standard of Fed. R. Civ. P. 8." *J.R.L. ex rel. Lee v. United States*, No. 2:08CV00037 JCH, 2008 WL 4561502, at *1 (E.D. Mo. Oct. 10, 2008).

The Court finds in this case that Plaintiff's amended petition is vague and ambiguous such that Defendant Honeywell cannot properly provide a responsive pleading. Defendant Honeywell is not using this remedy to narrow the issues in this case or as an avenue to seek discovery. Accordingly, Defendant Honeywell's motion for a more definite statement is **GRANTED**. Within fourteen (14) days of the date of this Order, Plaintiff shall file a second amended complaint, setting forth a more definite statement of his claims, including the information specified in Honeywell's motion for more definite statement and taking into account the several pleading issues identified in Defendant LINA's motion to dismiss and any other necessary facts in support of Plaintiff's

claims. Failure to comply with this Order may result in dismissal of the case without further notice.[1]

### III. Defendant LINA's Motion to Dismiss (Doc. 24)

Defendant LINA argues that Plaintiff's amended petition should be dismissed to the extent it raises claims other than those under ERISA. LINA contends that Plaintiff's claims against LINA must be brought under ERISA, and he cannot bring state law claims or seek damages not available under ERISA (such as punitive damages).

ERISA "preempts all state and common law causes of action relating to employee benefit plans—including those related to the processing of a participant's claims for benefits," and it would appear, as best as the Court can discern, that Plaintiff's amended petition invokes ERISA's civil enforcement scheme. *Streza v. S. Nevada Culinary & Bartenders Pension Plan*, No. 22-CV-4019-NKL, 2022 WL 2654974, at *3 (W.D. Mo. July 8, 2022) (citing 29 U.S.C. § 1144 (establishing ERISA preemption); 29 U.S.C. § 1132(a) (establishing civil enforcement by a participant seeking to recover funds owned to the participant by a benefit plan); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987) ("Congress' specific reference to § 301 of the [Labor Management Relations Act] to describe the civil enforcement scheme of ERISA makes clear its intention that all suits brought by beneficiaries or participants asserting improper processing of claims under ERISA-regulated plans be treated as federal questions governed by § 502(a).")).

Because the Court is ordering Plaintiff to file a second amended complaint, Defendant LINA's motion to dismiss (Doc. 24) is **DENIED AS MOOT**. However, Plaintiff should be mindful to consider the effect of ERISA preemption on any state law and common law claims he included in his second amended complaint.

### IV. Plaintiff's Motion for Summary Judgment (Doc. 35)

Because the Court is ordering Plaintiff to file a second amended complaint as set out above, Plaintiff's motion for summary judgment (Doc. 35) is **DENIED AS MOOT**. Moreover, under Rule 56 of the Federal Rules of Civil Procedure, a party moving for summary judgment must show (1) there is no dispute as to any material fact, and (2) based on those undisputed material facts, the moving party is entitled to judgment as a matter of law. To assert undisputed material facts, Rule

---

[1] Fed. R. Civ. P. 12(e) provides that if the motion is granted, and the order for a more definite statement "is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order."

4

56(c)(1) requires that a party cite to factual support in the summary judgment record as developed through discovery. Furthermore, a movant must show that they are entitled to judgment as a matter of law as to each specific claim asserted. In doing so, the moving party must provide legal authority for each claim (whether established in a governing statute or regulation, or by caselaw) showing under the undisputed facts that they are entitled to relief under the law for that claim. Plaintiff's summary judgment motion fails to cite record support for asserted facts and fails to provide any legal authority or analysis showing he is entitled to judgment as a matter of law for any particular claim.

### Conclusion

After careful consideration, the Court **ORDERS** as follows:

(1) Plaintiff's motion to appoint counsel (Doc. 20) is **DENIED without prejudice**;

(2) Defendant Honeywell's motion for more definite statement (Doc. 22) is **GRANTED**. Within fourteen (14) days of the date of this Order, Plaintiff shall file a second amended complaint, setting forth a more definite statement of his claims, including the information specified in Honeywell's motion for more definite statement and taking into account the issues presented in Defendant LINA's motion to dismiss and any other necessary facts in support of Plaintiff's claims. Failure to comply with this Order may result in dismissal of the case without further notice. The Clerk's Office is directed to mail a copy of this Order to Plaintiff via regular mail;

(3) Defendant LINA's motion to dismiss (Doc. 24) is **DENIED AS MOOT**; and finally,

(4) Plaintiff's motion for summary judgment (Doc. 35) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: April 1, 2024